## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MATTHEW JAMAL JACKSON,<br>TDCJ–CID No. 1018145,<br><br>    *Plaintiff*,<br><br>v.<br><br>BEXAR COUNTY, TEXAS, ET AL.,<br><br>    *Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. SA-15-CV-00509-XR |

## ORDER

On this day, the Court considered Defendants' Motion to Dismiss (Docket No. 28), Magistrate Judge Pamela A. Mathy's Order to Show Cause (Docket No. 29) and Report and Recommendation (Docket No. 31), and Plaintiff Matthew Jamal Jackson's responses and objections (Docket Nos. 34, 39). After careful consideration, the Court will ACCEPT Judge Mathy's recommendation (Docket no. 31), GRANT Defendants' Motion to Dismiss (Docket no. 28), and DISMISS Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

Plaintiff Matthew Jamal Jackson is an inmate serving a seven-year sentence in the custody of Texas Department of Criminal Justice–Criminal Institutions Division ("TDCJ–CID"). Prior to his release from Bexar County's custody into TDCJ–CID's custody, Jackson initiated this case on June 17, 2015 by filing his original complaint and motion to proceed *in forma pauperis*. Docket nos. 1–2.

1

On November 6, 2015, Jackson filed his first amended complaint against Defendants Bexar County, Bexar County Sheriff Pamerleau, and Bexar County Jail Administrator Banasco. Docket no. 14. Jackson makes a claim of "substantive due process" because Defendants allegedly subjected him to "excessive confinement" and an "unjust prosecution." *Id*. at 2. Specifically, Jackson alleges that he was not provided a "probable cause hearing" at the time the decision was made to detain him and that Defendants wrongfully "refused to implement a policy" to afford probable cause hearings. *Id*. at 3–4. Jackson alleges that "if he was given a probable cause determination hearing he could prove that" certain named law enforcement officers "all conspired together" "to establish exigent circumstances to generate a warrant and false police report which is obstruction of justice and perjury." *Id*. Jackson seeks monetary and injunctive relief and seeks to pursue his claims as a class action on behalf of 28 listed inmates who are alleged to be pretrial detainees that, contrary to the Fourth Amendment, did not receive "a judicial determination of probable cause as a prerequisite to extended restraint on liberty following arrest." Docket no. 14 at 6–7.

On March 17, 2016, Defendants filed a Motion to Dismiss, arguing that Jackson is no longer in the custody of Bexar County, and that when he was in Bexar County custody, Defendants did not have authority to grant probable cause hearings. Docket no. 28 at 1–2. Defendants also argue that Jackson's claims seem to be directed to "activities in a Court and the prosecution of his criminal case," and "should be directed towards the Court that heard his criminal case." Docket no. 28 at 2.

In support of their Motion, Defendant submitted numerous records relating to Jackson's criminal case, *Texas v. Jackson*, 2014-CR-148 in the 379th Judicial District Court of Bexar County—the case in which Jackson alleges he was denied a timely probable cause hearing. These

documents show that Jackson filed numerous motions and petitions protesting his lack of a probable cause hearing. Docket no. 28-4 at 76, 78, 93; Docket no. 28-5 at 46, 93. Ultimately, a jury found Jackson guilty of aggravated robbery on October 8, 2015, and sentenced him to seven years in TDCJ–CID custody. Docket no. 28-2 at 15–16. *Id*. Jackson filed an appeal, which he says is still pending, on October 15, 2015. Docket no. 28-3 at 62, 69, 81; Docket no. 39 at 5.

On March 18, 2016, the Magistrate Judge issued show cause order, informing Jackson of his right to file a response to Defendants' Motion to Dismiss, and ordering Jackson to show cause as to why his claims against Defendants should not be dismissed. Docket no. 29. Receiving no response from Jackson, [1] Magistrate Judge Pamela A. Mathy issued a report and recommendation, recommending the dismissal of Jackson's claims. Docket no. 31. Now before the Court are Jackson's objections to the Magistrate Judge's report and recommendation. Docket no. 39.

## STANDARD OF REVIEW

Where no party has objected to the Magistrate Judge's Memorandum and Recommendation, the Court need not conduct a *de novo* review of it. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court need only review the Memorandum and Recommendation and determine whether it is either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

---

[1] Jackson claims that he did not timely receive notice of the Defendants' Motion to Dismiss and the Magistrate Judge's Order to Show Cause due to mailing issues in the prison. Docket 34 at 1. Jackson's request for an extension to respond to Defendants' motion and to show why his claims should not be dismissed was granted in a May 18, 2016 text order. Docket no. 37. Accordingly, the Court makes clear that any failures or delays in responding are not held against Jackson in the adoption of the Magistrate Judge's report and recommendation; his arguments are considered in full on their merits.

On the other hand, any Memorandum and Recommendation that is objected to requires *de novo* review. Such a review means that the Court will examine the entire record and will make an independent assessment of the law. The Court need not, however, conduct a *de novo* review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987). In this case, Jackson objected to the Magistrate Judge's recommendation, so the Court will conduct a *de novo* review. Docket no. 39.

## DISCUSSION

Section 1983 prohibits a person, "under color of any statute, ordinance, regulation, custom, or usage of any State" from subjecting, or causing to be subjected, any citizen or any person within the jurisdiction of the United States "to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights," but simply provides a "method for vindicating federal rights elsewhere conferred." *Flores v. City of Palacios*, 381 F.3d 391, 404 (5th Cir. 2004).

### I. Jackson has not pled an adequate theory of liability.

In order for a § 1983 plaintiff to recover against a local governmental agency, such as the Defendants in this case, he must have suffered a deprivation of his constitutional or federal statutory rights as a result of some official policy, practice, or custom, or lack thereof. *Bd. Of Cty. Comm'rs, Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 403–04 (1997). "The description of a policy or custom[, or lack thereof] and its relationship to the underlying violation . . . cannot be conclusory; it must contain specific facts." *Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997). Where allegations of a policy or lack thereof are insufficient, a single incident of unconstitutional activity can be the basis for liability only if it is the final act of a local governmental agency's final policy-maker and that act reflects an intentional and deliberate

decision. *Bennett v. Pippin*, 74 F.3d 578 (5th Cir. 1996); *Brown*, 520 U.S. at 404–05. The apparent theory of Jackson's claim is that the County and its officials lacked a formal policy regarding probable cause hearings, or a final policy-maker of the County engaged in the single yet unconstitutional act of denying Jackson his probable cause hearing. *See* Docket no. 1 at 2 (alleging that Defendants have "refused to implement a policy in a situation that demands policy.").

As the Magistrate Judge's recommendations point out, Jackson has not adequately pled either of these theories of liability. In his objections, Jackson argues that the Defendants "wrongfully 'refused to implement a policy' to afford probable cause hearings" by citing authority for the proposition that municipalities may be liable for constitutional violations caused by "a policy statement, ordinance, regulation, or decision." Docket no. 39 at 1. His objections do not allege any specific facts that describe the lack of a policy and how it relates to the underlying violation. *See id*. At best, these objections are a restatement of his amended complaint, which the Magistrate Judge properly points out is deficient because it is conclusory and does not contain specific factual allegations. *See Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997). Notably, neither Jackson's complaint nor his objections state any facts, other than those relating to his own alleged lack of a probable cause hearing, to support the assertion that some unspecified "non-policy" deprived him of his rights. In other words, Jackson's conclusory allegation that *he alone* was deprived of a probable cause hearing does not mean or allege that Defendants lacked a policy for probable cause hearings. Further, even if he had alleged that Defendants' lack of a policy extended beyond his alleged deprivation, Jackson also fails to allege facts showing Defendants had the authority to grant him the probable cause hearing at issue, and his objections do not address this failure.

Because neither his objections nor his complaint adequately allege or explain his

"non-policy" theory, Jackson's theory of liability must be premised on a single unconstitutional act of a local government entity's final policy-maker. *See Brown*, 520 U.S. at 404–05. Again, Jackson fails to object to this dispositive deficiency in his complaint. He alleges no specific facts showing that any of the defendants were personally involved in or aware of the allegedly improper denial of a probable cause hearing. He does not even claim that the Defendants have the authority to grant or deny him a probable cause determination. For these reasons, Jackson's complaint fails to state a viable theory of liability.

## II. Jackson is not entitled to a further probable cause determination.

"It is well settled as to be beyond cavil that the return of a true bill by a grand jury, resulting in indictment, conclusively demonstrates that probable cause exists implicating a citizen in a crime." *United States v. Hurtado*, 779 F.2d 1467, 1477, 1479 (11th Cir. 1985) (citing three U.S. Supreme court opinions). The record indicates that Jackson was indicted by a grand jury for aggravated robbery, Docket no. 28-2 at 15, yet he objects to the Magistrate Judge's analysis, which states that the grand jury indictment established probable cause, therefore obviating any need for a further probable cause determination. His objection consists of him saying that he objects to this analysis and alleging that the indictment was forged. Docket no. 39 at 4. Absent specific facts showing his entitlement to a further probable cause hearing, or specific facts showing that Defendants had the authority to grant such a hearing, this Court similarly rejects Jackson's objections on this issue.

## III. Jackson's claims are barred by *Heck v. Humphrey*.

*Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), is a bar to § 1983 claims for damages where a plaintiff bases his claim on an allegedly unconstitutional conviction or imprisonment, or uses § 1983 to collaterally attack the constitutionality of a conviction that forms the basis for

6

incarceration. To bring such a suit, a § 1983 plaintiff must first show that his state criminal conviction has been invalidated by a state appellate court, a state or federal habeas court, or another state authority with jurisdiction to do so. *Heck*, 512 U.S. at 486–87. Because Jackson's claims challenge the constitutionality of his imprisonment and trial, he must comply with *Heck*'s exhaustion requirements.[2]

*Heck* bars Jackson's claims. Jackson objects to the Magistrate Judge's discussion of this bar by stating that his appeal is pending, seemingly admitting that his conviction has not been invalidated as is required to bring his claim. Docket no. 39 at 5. The remainder of his objections on this point are recitations of law regarding the statute of limitations and accrual dates for § 1983 claims under *Heck*, neither of which is at issue in Defendants' motion to dismiss or the Magistrate Judge's recommendations.

## IV. Jackson's complaint and remaining objections are frivolous, conclusive, and generalized.

Finally, the Court points out that the remainder of Jackson's objections do not allege new facts that could prevent dismissal of his claims and do not respond to the Magistrate Judge's recommendations. These objections are "[f]rivolous, conclusive or general . . . [and] need not be considered by the district court." *Battle v. U.S. Parole Com'n*, 834 F.2d 419, 421 (5th Cir. 1987). Moreover, Jackson's objections do not address certain portions of the Magistrate Judge's report and recommendation, and the Court finds that the Magistrate Judge's recommendations on these portions are not clearly erroneous.[3] The same is true of Jackson' complaint. Accordingly, this

---

[2] This section applies to Jackson's broader claim that he was maliciously prosecuted and improperly denied a probable cause hearing. It also applies to the apparently new claim that he asserts in his objections, which states that "there never should have been a trial because evidence obtained by a search and seizure in violation of the Fourth Amendment is inadmissible in a state court as it is in federal court." Docket no. 39 at 3.

[3] For example, Jackson does not object to the Magistrate Judge's treatment of his claims as being against the county sheriff and jail administrator in their individual capacities, Docket no. 31 at 21–22, or the recommendation that

Court accepts the Magistrate Judge's recommendation to grant the Defendants' Motion to Dismiss, and also dismisses Jackson's claims under 28 U.S.C. § 1915(e)(2)(B) as frivolous, non-meritorious, and failing to state a claim.

## CONCLUSION

The Court ACCEPTS Magistrate Judge Pamela A. Mathy's Memorandum and Recommendation (Docket no. 31). Defendants' Motion to Dismiss (Docket no. 28) is GRANTED and Plaintiff Matthew Jamal Jackson's claims are DISMISSED WITH PREJUDICE. Alternatively, for the reasons stated and not objected to in Judge Mathy's Memorandum and Recommendation, which the Court has found not to be clearly erroneous, Jackson's claims are DISMISSED as frivolous, non-meritorious, and failing to state a claim under 28 U.S.C. § 1915(e)(2)(B).

The Clerk shall transmit a copy of this Order and the Final Judgment in this case to the Pro Se Staff Attorney, Attn.: Keeper of the "Three Strikes List," U.S. District Court for the Eastern District of Texas for the Tyler Division, 211 West Ferguson, Tyler, Texas 75702, so that this case may be recorded in the "Three-Strikes List."

It is so ORDERED.

SIGNED this 24th day of October, 2016.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

Jackson's complaint be dismissed under § 1915(e)(2)(B), *id*. at 5–9, 23.